Dear Mr. Jackson:
You requested an advisory opinion of the attorney general asking the following:
"Is the `Louisiana Citizens Property Insurance Corporation,' created by LA R.S. 22:1430.2, a branch, agency, department, or institution of state government?"
Confusion and difficulty with these terms sometimes abound because they are not always used in the strict sense and from time to time are broader or narrower in meaning than at other times and in other contexts. For example, the Executive and Judiciary branches [of the three separate branches of government in Section 1 of Article 2 of the Louisiana Constitution of 1921] were treated in that constitution in different articles which were entitled with the word Department — that is,Executive Department and Judiciary Department. In their most usual sense, however, a branch refers to one of the main three branches of American government (Executive, Legislative, and Judicial), while a department refers to a major division of the Executive Branch. An agency of state government is usually a generic term referring to any lesser public body which is empowered to act as the state's agent with respect to some matter or interest — as in a principal-agency relationship, where the state is the principal. See, for example, State v. Texas Co.,205 La. 417, 17 So.2d 569 (La. 1944), wherein the Supreme Court of Louisiana explained,
 "The State Mineral Board, by the statute, has been designated merely the agent of the state to supervise and handle that portion of its affairs which deals with the development of its lands for mineral purposes, and to this end the agent is permitted the right, concurrently with the principal (state), to institute actions in nullity. The board may be likened to an agent of an individual property owner who (agent) has been granted full, but not exclusive, authority in the management and supervision of the owner's holdings, with power to bring suits respecting the property. In such case certainly the owner has not precluded himself to institute all *Page 2 
necessary actions."
Id., 205 La. at 426, 17 So.2d at 572. In a stricter sense, an agency of the state is an executive branch entity that may be lesser than a department, such as a board or commission [although a department itself can also be considered a state agency]. An instrument or instrumentality of the state is another generic term similar to but sometimes slightly broader than a state agency, since it can be an "instrument" which acts for the state with respect to some interest. A major significance of the term "instrumentality of the state" is that it often triggers a tax exemption under federal law. See, for example, the argument that was rejected on factual grounds in Acme Land Fur Co. v. Commissioner ofInternal Revenue, 84 F.2d 441 (5th Cir. 1936).
The Louisiana Citizens Property Insurance Corporation (LCPIC) is a public corporation; in fact, according to the statutes governing it, it is a non-profit public corporation. Its charter, setting forth how it is to be governed, describing or designating its board of directors or governing body, stating its corporate purpose, providing for its powers, function, and duties, and providing for needed details, is in the statutes which create it and provide for it.
R.S. 22:1430.2 reads, in pertinent part,
 "§ 1430.2. Creation of the Louisiana Citizens Property Insurance Corporation
 "A. There is created a nonprofit corporation to be known as the `Louisiana Citizens Property Insurance Corporation', which shall operate residual market insurance programs, designated as the Coastal Plan and the FAIR Plan, sometimes hereinafter referred to as `the plans', as successors to the Louisiana Insurance Underwriting Plan (Coastal Plan) and the Louisiana Joint Reinsurance Plan (FAIR Plan); and whose domicile for purpose of suit shall be East Baton Rouge Parish, Louisiana. All insurers authorized to write, and engaged in writing, property insurance in the state of Louisiana shall participate in the Coastal Plan and the FAIR Plan as a condition of their authority to transact insurance in this state. The corporation shall perform its functions under a plan of operation established and approved under R.S. 22:1430.7 and shall exercise its powers through a board of directors established under R.S. 22:1430.3.
 "B.(1) Assets of the corporation shall not be considered part of the general fund of the state. The state shall not budget for or provide general fund appropriations to the corporation, and the debts, claims, obligations, and liabilities of the corporation shall not be considered to be a debt of the state or a pledge of its credit.
 "(2) The corporation shall be prohibited from making contributions to any political party, political organization, public official, or candidate for public office, whether federal, state or local in nature. *Page 3 
 "(3) All compensated employees of the corporation shall be subject to the provisions of Article X, Part I, Section 9 of the Louisiana Constitution of 1974, `Prohibitions Against Political Activities', as if they were employees of the state, except members of the governing board of the corporation.
 "C. Neither the corporation nor the plans shall be required to obtain a certificate of authority from the commissioner of insurance, nor shall they participate in the Louisiana Insurance Guaranty Association.
 "D.(1) Notwithstanding the provisions of Subsections A and B of this Section, and except as provided by Paragraph (2) of this Subsection, the corporation shall be subject to R.S. 42:4.1 through 13 and to R.S. 44:1 through 41, and may be considered as if it were a public body for the purpose of those provisions.
 "(2) The corporation may hold an executive session pursuant to R.S. 42:6 for discussion of one or more of the following, and R.S. 44:1 through 41 shall not apply to any documents as enumerated in R.S. 44:1
(A)(2) which relate to one or more of the following:
 [The statute then enumerates a number of matters excepted from public disclosure.]"
(Emphases Added).
The purpose of this non-profit corporation is to "operate insurance plans which shall function exclusively as residual market mechanisms to provide essential property insurance for residential and commercial property, solely for applicants who are in good faith entitled, but are unable, to procure insurance through the voluntary market," R.S.22:1430. The legislature is setting this purpose forth as a public purpose. In addition, R.S. 22:1430.17 further delineates the status of this non-profit public corporation, as follows:
 "§ 1430.17. Louisiana Citizens Property Insurance Corporation not taxable
 "The corporation shall be considered a political instrumentality of the state, and shall be exempt from any corporate income tax. However, the corporation is not and shall not be deemed a department, unit, or agency of the state. All debts, claims, obligations, and liabilities of the corporation, whenever and however incurred, shall be the debts, claims, obligations, and liabilities of the corporation only, and not of the state, its agencies, officers, or employees. Corporation funds shall not be considered part of the general fund of the state, and the state shall not appropriate corporation funds. The state's contribution to the corporation is limited to those funds collected by the corporation pursuant to the authority granted under R.S. 22:1430.12(B) of this Subpart, and the state shall not budget for or provide general fund appropriations to the *Page 4 
corporation. The premiums, assessments, investment income, and other revenue of the corporation are funds received for providing property insurance coverage as required by this Section, paying claims for Louisiana citizens insured by the corporation's plans, securing and repaying debt obligations issued by the corporation, and conducting all other activities of the corporation, and shall not be considered taxes, fees, licenses, or charges for services imposed by the legislature on individuals, businesses, or agencies outside state government. It is the intent of the legislature that the tax exemptions provided in this Section will augment the financial resources of the corporation to better enable fulfillment of the public purpose. Any bonds issued by or on behalf of the corporation and the plans, their transfer, and the income therefrom, including any profit made on the sale thereof, shall at all times be free from taxation of every kind by the state and any political subdivision or local unit or other instrumentality thereof."
(Emphases added).
It seems clear that the legislature intends the LCPIC to operate financially as a completely separate entity from the state and desires to avoid the co-mingling of LCPIC funds with state funds and vice-versa. The LCPIC was created by the legislature to fulfill the public purpose of providing insurance coverage for property which could not otherwise be covered by private insurers acting alone. To that end, the legislature intends that the LCPIC gain its own funds by corporate indebtedness and by collection of insurance premiums, operate its finances independently, and use its financial resources to pay insurance claims covered by its insurance plans. The legislature does not want funds collected by LCPIC to be deposited into the State Treasury pursuant to La.Const. (1974) art. 7, § 9, and does not want the LCPIC to have to depend on annual legislative appropriations to operate and to provide insurance claims payments. To accomplish these ends, the legislature created LCPIC as a separate public corporation. See, for example, Harris v. Trustees of theLouisiana Public Facilities Authority, Public Facilities Corp.,356 So.2d 1039 (La.App. 1st Cir. 1977) writ den. 357 So.2d 558 (La. 1978) wherein it was held that a public corporation is exempt from constitutional limitations applicable to the debts of political bodies or subdivisions of the state which lend and pledge full faith and credit for the payment thereof.
But, in other respects, the legislature has provided for the public nature of the corporation — making it subject to the Public Meetings Law and to the law on Public Records (except as explicitly provided) and generally other matters. For example, in Republic Fire Cas. Ins. Co.v. State, Div. of Admin., Office of State Purchasing, 2005-2001 (La.App. 1st Cir. 12/28/06), 952 So.2d 89, the LCPIC, as most other state bodies are bound by law to do, went through the Division of Administration, Office of State Purchasing, to procure certain insurance services.
In summary, the LCPIC is a non-profit public corporation and, as such, is a statutorily designated political instrumentality of the state but, again by explicit statutory provision, *Page 5 
is not a department, unit, or agency of the state. We trust that this opinion has adequately answered your request, but if you have any further questions, please do not hesitate to ask. With warmest regards, we remain
 Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY:__________________________ THOMAS S. HALLIGAN Assistant Attorney General
 CCF, Jr/TSH/sfj